

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable C. H. Cavness
State Auditor
Austin, Texas

Dear Sir:

Opinion No. O-4904
Re: Construction of Section 24 of
Article IV of the State Consti-
tution with respect to certain
state boards, commissions and
authorities.

We are in receipt of your request for opinion numbered as above wherein you request our opinion as to whether the provisions of Section 24 of Article IV of our State Constitution apply to certain named state boards, commissions and authorities, to-wit: Board of Insurance Commissioners, Railroad Commission, Department of Public Welfare, Lower Colorado River Authority, State Parks Board and San Jacinto Memorial Park Commission.

Section 24, of Article IV, of our State Constitution, reads as follows:

"Sec. 24. An account shall be kept by the officers of the Executive Department, and by all officers and managers of State institutions, of all moneys and choses in action received and disbursed or otherwise disposed of by them, severally, from all sources, and for every service performed; and a semi-annual report thereof shall be made to the Governor under oath. The Governor may, at any time, require information in writing from any and all of said officers or managers, upon any subject relating to the duties, condition, management and expenses of their respective offices and institutions, which information shall be required by the Governor under oath, and the Governor may also inspect their books, accounts, vouchers and public funds; and any officer or

manager who, at any time, shall wilfully make a
false report or give false information, shall be
guilty of perjury, and so adjudged, and punished
accordingly, and removed from office."

The case of State v. Clausen, 148 P. 28, 32, 85 Wash.
260, held that the State Highway Department, the Fisheries
Department and the State Fair, of the State of Washington,
were "public institutions" under a Washington referendum sta-
tute. We quote from the court's opinion in said case:

"It follows that the highway department,
the fisheries department, and the state fair
are 'public institutions' of the state.

"We understand the Attorney General's argu-
ment to be that an existing public institution
is some activity of the state which has taken
form and is lodged in buildings or structures.
The words 'public institutions' can be given no
such restricted meaning. A public institution
is any organized activity created or established
by law or public authority. Corporations are
held to be public or political institutions.
Toledo Bank v. Bond, 1 Ohio St. 622; Mannington
v. Hocking Valley Ry. Co. (C. C.) 183 Fed. 133.

"The word 'institution' is defined in Web-
ster's New International Dictionary as:

"'Anything forming a characteristic and
persistent feature in social or national life
or habits.' 'Established or organized society
or corporations; an establishment, especially
one of public character or one affecting a com-
munity.'

"'That the word "institution," both in legal
and colloquial use, admits of application to phy-
sical things, cannot be questioned. One of its
meanings, as defined in Webster's Unabridged Dic-
tionary, is "an establishment, especially of a
public character, affecting a community." And
one of the meanings of "establishment," as defin-
ed by the same authority, is, "the place in which

one is permanently fixed for residence or business; residence with grounds, furniture, equipage, etc., with which one is fitted out; also any office or place of business, with its fixtures." "The term 'institution' is sometimes used as descriptive of an establishment or place where the business or operations of a society or association is carried on; at other times it is used to designate the organized body." Trustees of the Academy of Richmond County v. Bohler, 80 Ga. 159, 7 S. E. 633.

"If our argument be sound, it follows that a public institution of the state, within the meaning of the seventh amendment, is not alone those institutions of a physical character, but also all branches and departments created by law and exercising any activity or function defined by the Legislature and existing at the time the amendment was adopted, or which, if newly created by the Legislature, have not been rejected by resort to the referendum. Upon any theory, a public highway is a public institution. A road is not only a physical institution built by the state in the exercise of its sovereign duty to promote the convenience and necessities of the citizens, as well as the common welfare, but the department to which the Legislature has delegated that function is an institution as much so as is its creator -- the Legislature."

It is our opinion that Section 24 of Article IV of our State Constitution should be given a broad and liberal construction in order to achieve its wholesome and salutary purposes. It is therefore our opinion that said constitutional provision applies to the state boards, Commissions and authorities named in your letter.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Wm. J. Fanning
Assistant

WJF:db